[Sac. No. 4385.  In Bank.—February 13, 1931.]

G. A. SVENSON et al., Respondents, v. WALTER EN-
GELKE et al., Appellants.

Eugene D. Bennett and Ralph W. Scott for Appellants.

Eugene S. Selvage for Respondents.

Marshall B. Woodworth, *Amicus Curiae.*

RICHARDS, J.—ㅗㄴ          ¬ɔommenced this action on behalf of themselves and ω    ɹ̆ureka Fishermen's Union, a voluntary association of comᴵᴵ̲ercial fishermen, against the defendants, who are members and officers of the California Fish and Game Commission, to restrain the latter from interfering with or prosecuting criminal or other actions against the plaintiffs and their fellow members of the association on account of the transportation or possession by the plaintiffs and their associates, of fresh salmon caught on the high seas and in the course of being transported over and across certain fish and game districts, wherein the taking or possession of fresh salmon was at the time prohibited by state law. Upon the filing of a verified complaint seeking the foregoing relief the Superior Court of Humboldt County issued a temporary restraining order, and also an order to show cause why a preliminary injunction should not issue. Upon the return day of the latter order and after a hearing thereon the trial court issued a preliminary injunction granting the relief sought *pendente lite*. It is from such order that the defendants have taken and are prosecuting this appeal.

It is the appellants' first contention that the plaintiffs were not in any event entitled to an injunction for the reason that under the provisions of section 526 of the Code of Civil Procedure "an injunction cannot be granted . . . to prevent the execution of a public statute by officers of the law for the public benefit". The difficulty with this contention is that it assumes the existence of a fact which is the very fact in controversy in the present proceeding, and which is as to whether or not there is an existing public statute covering the situation presented by the plaintiffs' complaint and which the defendants, as officers of the law, were attempting or were threatening to enforce at the time the preliminary injunction was sought and obtained by the plaintiffs. The authorities cited by the appellants in support of their foregoing contention have relation to statutory offenses which the officers of the law referred to therein are engaged in enforcing, and which the persons against whom such enforcement is sought are seeking to evade prosecution upon the showing either that they are not guilty of such statutory offense or that the law defining the same does not apply to such a person or class of persons. In the present case, how-

ever, it is the respondents' contention that there is no statute which renders unlawful the acts of the plaintiffs in seeking to transport the salmon which they have lawfully taken upon the high seas, and which at the time of their attempted or threatened prosecution they were engaged in transporting to a place wherein they were lawfully entitled to possess and sell fish thus lawfully taken. It is to this question, therefore, that we must direct our attention in considering this case upon the merits.

We do not deem it necessary to restate the law which has been heretofore consistently decided by this court touching the right of the state in the exercise of its police power to regulate and control the taking, possession and sale or other transportation of fish and game. It will suffice for the purposes of this cause to cite but a few of the leading cases declaring this uniform rule: *Paladini* v. *Superior Court*, 178 Cal. 369 [173 Pac. 588]; *People* v. *Stafford Packing Co.*, 193 Cal. 719 [227 Pac. 485]; *People* v. *Monterey Fish Products Co.*, 195 Cal. 548 [38 A. L. R. 1186, 234 Pac. 398], and cases cited. That the principle thus asserted is applicable to sea products caught upon the high seas beyond the three-mile limit of state jurisdiction and sought to be brought into or transported over portions of the state which have been subjected to statutory regulation affecting the taking, possession and sale of fish and other marine products see *Van Camp Sea Food Co.* v. *Department of Natural Resources*, 30 Fed. (2d) 111; *State* v. *Schuman*, 36 Or. 16 [78 Am. St. Rep. 754, 47 L. R. A. 153, 58 Pac. 661]; *Union Fishermen's etc. Co.* v. *Schoemaker*, 98 Or. 659 [193 Pac. 474, 194 Pac. 854]; *Ex parte Maier*, 103 Cal. 476 [42 Am. St. Rep. 129, 37 Pac. 402].

We thus arrive at the particular facts of this case with which the trial court undertook to deal in the issuance of its preliminary injunction. The plaintiffs and their fellow members of the Eureka Fishermen's Union have been engaged for some time in conducting fishing operations out of the city and harbor of Eureka in Humboldt County, in the course of which they were wont to fish for salmon in the waters of the Pacific Ocean at points exceeding three miles west of the coast line of the state of California and which points are also to the westward of certain fish and game districts which have been created by the legislature of

the state of California and which lie along the coast line of said state and within the boundaries of the several coast counties thereof which extend from Humboldt to Santa Cruz. The several fish and game districts immediately concerned in this litigation are numbered districts six, seven, eight, nine, ten and also district one and one-half, which latter district embraces or includes the city of Eureka.

The particular statute defining these several districts was adopted in 1917 (Stats. 1917, p. 1058) and was from time to time amended down to the year 1927, when it took on the form and content existing at the time of the commencement of the present action. (Stats. 1927, p. 1128.) In the meantime those several sections of the Penal Code relating to violations of the laws for the preservation of fish and game were being amended and enacted until they also took on the form in which they stood when this action was begun. An examination of these statutes and of the said provisions of the Penal Code disclose that the times within which salmon may be taken, possessed and sold within these several districts varies, so that at certain times it is lawful to take, possess or offer for sale salmon in one of said districts when at the same time it is unlawful so to do in another one or more thereof. It is out of this state of the law that the present controversy has arisen, since, as asserted in the plaintiff's complaint, the plaintiffs having lawfully engaged in fishing for salmon upon the high seas at points exceeding three miles west of the coast line of the state of California, were undertaking to bring their catch, thus lawfully taken, into the state of California and over and across fish and game districts six, seven, eight, nine and ten thereof, for the purpose of possession and sale thereof in the city of Eureka, which lies within district number one and one-half thereof, and in which at said time the possession and sale of salmon was not unlawful. It was asserted by plaintiffs in their complaint and found to be the fact by the trial court as the basis for the making of its said order that the defendants herein, as members and officers of said fish and game commission, were attempting and threatening to prevent the plaintiffs from so transporting the salmon, thus by them lawfully taken, across such of said fish and game districts in which the possession and sale of salmon caught or taken therein was at the time unlawful, in order to reach their

destination at the city of Eureka, wherein they might lawfully possess, offer for sale and sell their said fish.

The vital question involved in this situation is that presented by the interpretation to be placed upon the provisions of subdivision 3 of section 634 of the Penal Code, as said section read at the time of the commencement of this action. This section of the Penal Code has special reference to the taking, catching, killing, possession and sale of salmon. By the terms thereof, as it then read, it was provided substantially that every person who takes, catches or kills in any manner, or possesses, any salmon other than as provided for in this act is guilty of a misdemeanor. Subsection 3 thereof, however, contains the proviso that every person who in fish and game district one and one-half between the first day of June and the thirty-first day of July of the same year, both dates, inclusive, or between the seventeenth day of September and the fourteenth day of November of the same year, both dates inclusive, "takes, catches, kills, or has in his possession more than two fresh salmon during any one calendar day, or who buys, sells, offers or exposes for sale any fresh salmon, is guilty of a misdemeanor; provided that nothing in this act shall prohibit the possession or sale at any time of any salmon from Oregon or Washington, or the possession or sale of any salmon lawfully taken in any fish or game district". A fair interpretation of the foregoing provision of the Penal Code would seem to be that it was not therein intended to declare unlawful the possession or sale in any district, and especially in the districts specifically mentioned in subdivision 3 of said section of the Penal Code, at any time of salmon brought into the state of California from Oregon or Washington, or the possession or sale at any time, in said or any fish and game district, of salmon lawfully taken therein or in any other fish and game district. If the foregoing proviso contained in subdivision 3 of section 634 of the Penal Code, as the same read at the time of the commencement of this action, is thus truly interpreted it would seem to follow that the possession and sale of salmon in any fish and game district, which had been lawfully taken or caught in any of the other fish and game districts, was not prohibited under any provision of the law relating to the possession or sale of salmon. If this be true it would seem to further follow that the provisions of the fish and

game laws which purport to render unlawful the possession or sale of salmon in any particular district during the closed season therein must be held to have relation only to such salmon as had been unlawfully taken or caught therein or in some other of the fish and game districts of the state. It is significant in this connection to note that at the very time when this action was commenced the legislature had undertaken to clarify the language of subdivision 3 of section 634 of the Penal Code by an amendment thereof which provided that "the sale of salmon legally taken in all other districts or shipped into the state is not prohibited". It is true that the above amendment of this section of the Penal Code, although enacted at said time by the legislature, had not yet become effective. But, nevertheless, it serves some purpose as indicating the legislative intent with respect to the lawfulness of the possession and sale of salmon lawfully taken in any district or lawfully brought into the state from elsewhere. The appellants herein concede in their final brief herein that the spirit and intent of this latest expression of the legislative will should govern the disposition of the present action. Before leaving the provisions of subdivision 3 of section 634 of the Penal Code, as the same read when the present action was begun, it may be proper to state that while said provision does not specifically refer to salmon lawfully taken or caught upon the high seas, it would be quite unreasonable to infer that it was not within the legislative intent to render lawful the possession and sale of salmon within the state of California wherever lawfully taken or caught. The section in its present form clearly evinces such intent. We look vainly through the many and complex regulations of the fish and game laws for any provision therein which could or should be so construed to render it unlawful to possess or sell anywhere or at any time this edible and perhaps most universally desired and used of all marine products when it appeared that the same had been caught or taken upon the high seas and beyond the three-mile limit of our state boundaries and jurisdiction.

By the foregoing course of reasoning we are brought to consider the final and precise contention of the appellants, which is that notwithstanding the provisions of subdivision 3 of section 634 of the Penal Code, the transportation of salmon from a place where it has been lawfully

taken across a particular district during the closed season therein, and at a time when the possession of salmon therein was unlawful, is an offense against the fish and game laws which the fish and game commission, its members and officers, were entitled to prosecute and for the prosecution of which as against these plaintiffs they could not be lawfully enjoined. We look again vainly for any provision of the fish and game laws which expressly renders it unlawful to transport salmon from the place where it has been lawfully taken or caught to another place within the state wherein it may at said time be lawfully possessed and sold. On the contrary, we find that wherever in the fish and game laws the subject of transportation is mentioned it has reference to a transportation which is at the place of inception thereof unlawful, and that nowhere within the provisions of the fish and game laws can any provision be found which renders it unlawful to transport fish or game from the place where lawfully caught and lawfully offered for transportation to the place wherein its possession is also lawful. Sections 627 (a), 627 (b), and 632 (a) of said Penal Code have special reference to the transportation of fish and game when the same is undertaken by railroad companies, express companies, transportation companies or other common carrier, and it is nowhere stated therein or elsewhere that the transportation of these forms of food products from the place where they have been lawfully taken, caught or killed, to another portion of the state wherein they may be lawfully possessed or used is rendered unlawful by the fact that in the course of such transportation such food products may be carried through a fish and game district during the closed season therein.

We therefore conclude that at the time of the commencement of the present action there was no existing statute which prohibited or rendered unlawful the possession or transportation of salmon lawfully taken or caught upon the high seas across any of the fish and game districts referred to in said action in order that the same might be carried to the city of Eureka, wherein such salmon might at said time be lawfully possessed and sold. It follows that the trial court was not in error in the issuance of the preliminary injunction herein. This conclusion renders unnecessary a discussion of the question as to whether the plaintiffs

herein have brought themselves within the category of those engaged in interstate commerce.

The judgment is affirmed.

Seawell, J., Shenk, J., Waste, C. J., Curtis, J., Langdon, J., and Preston, J., concurred.

Rehearing denied.